```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| United States of America, | HONORABLE JOSEPH E. IRENAS |
| Plaintiff | |
| v. | CRIMINAL ACTION NO. 04-245 (JEI) |
| Dorothea Daraio | **OPINION** |
| Defendant. | |

**APPEARANCES:**

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Nanette L. Davis
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement Section
P.O. Box 972
Washington D.C. 20044
     Counsel for Plaintiff

DONALD FRANCIS MANNO
601 Longwood Ave.
Cherry Hill, NJ 08002
     Counsel for Defendant

**IRENAS**, Senior District Judge:

   Before the Court is Defendant Dorothea Daraio's Motion to Dismiss the United States of America's ("United States") Petition for Violation of Supervised Release. The United States seeks to revoke Daraio's term of supervised release on the basis of sixteen alleged violations. Daraio has moved to dismiss the government's Petition on the ground that this Court no longer has jurisdiction to revoke her

1

term of supervised release.  For the reasons set forth below, Daraio's Motion to Dismiss the Petition for Violation of Supervised Release will be granted.

## I.

On November 10, 2004, Daraio was convicted by a jury of tax evasion in violation of 26 U.S.C. § 7201 (Verdict Sheet, Nov. 10, 2004, Dkt. No. 46.)  Daraio was subsequently sentenced to forty-one months in prison, three years of supervised release, a fine of $25,000 and a $100.000 special assessment.  (Mins. of Proceedings, April 29, 2005, Dkt. No. 58.)  Daraio's term of supervised release ended on October 1, 2012.  (Def.'s Mem. to Dismiss Pet. 2, Nov. 21, 2012.)[1]

On September 11, 2012, the U.S. Probation Office for the District of New Jersey ("Probation Office") filed a Petition for a Warrant or Summons alleging sixteen violations of Daraio's supervised release.  (Pet. for Warrant or Summons for Offender Under Supervision, September 18, 2012. Dkt. No. 76.)[2]  The last page of this Petition included a section beginning with the words, "THE COURT

---

[1] Citations in this form are to the Defendant's Memorandum in Support of Notice of Motion to Dismiss the Petition for Violation of Supervised Release.

[2] In her Motion to Dismiss the Petition for Violation of Supervised Release, Daraio challenges the validity of the alleged violations.  However, in this Opinion, the Court does not reach the question of whether Daraio at any time violated the terms of her supervised release.

ORDERS" followed by boxes a judge could mark to order the issuance of either a summons or a warrant. (*Id.* (capitalization in original.)) Additionally, this section included a signature line, and a line for listing a hearing date. (*Id.*) On September 18, 2012, this Court marked the box to order the issuance of a summons and signed the Petition. (*Id.*) A hearing date of October 12, 2012 was listed. (*Id.*)

A copy of the signed Petition was sent as an e-mail attachment by the Probation Office to then-defense counsel Jeffrey Hark on September 21, 2012. (Mem. in Opp. of Def.'s Mot. to Dismiss Pet. Ex. 3, Dec. 4, 2012, Dkt. No. 83.) In the body of this e-mail was a brief note describing the attachment as an "electronic copy of the petition for summons, which has been signed by the court." (*Id.*)

At some point between September 21, 2012 and October 1, 2012, the hearing date was rescheduled from October 12, 2012 to November 13, 2012. However, at no time before the expiration of Daraio's term of supervised release was a document identified as a "summons" issued. On October 25, 2012, the Probation Office sent a letter by certified mail to Daraio, but this letter was returned as undeliverable. (Mem. in Opp. of Def.'s Mot. To Dismiss Pet. 2 n.1.) At a hearing held on December 18, 2012, defense counsel stated

3

that this letter included the word "summons."

On November 21, 2012, Daraio moved before this Court to dismiss the United States' Petition for Violation of Supervised Release on the grounds that no summons was issued prior to the termination of Daraio's term of supervised release. The United States opposed this motion.

**II.**

Title 18, U.S. Code Section 3583(i) ("§ 3583(i)") states that:

> The power of the court to revoke a term of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations of subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

In this case, Daraio's term of supervised release ended on October 1, 2012. (Def.'s Mem. to Dismiss Pet. 2, November 21, 2012.) Therefore, this Court now has jurisdiction to revoke Daraio's supervised release only if "before the supervised release term expired, 'a warrant or summons ha[d] been issued on the basis of an allegation' that the releasee violated a condition of supervised release." *See United States v. Hondras*, 176 F. Supp. 2d 855 (E.D. Wis. 2001) (quoting 18 U.S.C. § 3583(i)).

The definition of "summons" as used in § 3583(i) presents an

4

issue of first impression for this Court. No definition is provided within § 3583. Moreover, "[t]here is no Federal Rule of Criminal Procedure that by its terms governs the issuance of a summons or warrant on a petition to revoke supervised release." *United States v. Vallee*, 677 F.3d 1263, 1265 (9th Cir. 2012). Rule 4 of the Federal Rules of Criminal Procedure ("Rule 4") defines summons in the context of a summons on a complaint by stating that "[a] summons must be in the same form as a warrant except that it must require the defendant to appear before a magistrate judge at a stated time and place." However, while the Southern District of New York has applied the Rule 4 definition of a summons to § 3583(i), *see United States v. Crusco*, No. 90-945, 2000 WL 776906 (S.D.N.Y. 2000), most courts to address the issue have stopped short of reaching such a holding, *see e.g. Vallee*, 677 F.3d at 1265 (holding that, unlike Rule 4, a summons on a petition to revoke supervised release need not be signed by a judge); *United States v. Janvier*, 599 F.3d 264, 268 n.2 (2d Cir. 2010) (stating that the court is not addressing the correctness of the reasoning in *Crusco*); *United States v. Bernardine*, 237 F.3d 1279, 1281 n.1 (11th Cir. 2001) (stating that "no rule of criminal procedure, relevant statute or case law supports the application of Rule[] 4 . . . in the context of a supervised release violation hearing").

This Court does not need to determine whether a summons in

5

the context of § 3583(i) needs to meet the requirements of Rule 4 in deciding whether this Court has jurisdiction to revoke Daraio's term of supervised release. "The few district courts that have squarely confronted cases in which the court ordered a warrant or summons before expiration of the supervised release term, but a warrant or summons was not actually issued, have unanimously concluded that the mere order for a warrant or summons did not satisfy the requirements of § 3583(i)." *Janvier*, 599 F.3d at 268; *see also United States v. Venable*, 416 F. Supp. 2d 64 (D.D.C. 2006); *United States v. Gomez Santiago*, Crim. No. 93-0176, 2004 WL 329309 (D.P.R. Feb. 5, 2004) (magistrate report and recommendation); *United States v. Rivard*, 127 F. Supp. 2d 512 (D. Vt. 2000); *Crusco*, 2000 WL 776906; *United States v. Hazel*, 106 F. Supp. 2d 14 (D.D.C. 2000).

For example, in *United States v. Crusco,* a Petition for a Warrant or Summons was signed by a judge, filed, and a hearing was scheduled, but no summons was issued prior to the expiration of the defendant's term of supervised release. 2000 WL 776906, at *2. Beside the judge's signature was a Court Order for the Issuance of a Summons. *Id*. The Southern District of New York held that "neither a summons nor a warrant were issued" and that "[t]o suggest that this is anything but an order for a summons is a frivolous, irresponsible argument." *Id*.

Similarly, in *Janvier*, the judge ordered the issuance of a

6

warrant on the last day of the defendant's supervised release, but no warrant was issued until after the term had expired. 599 F.3d at 265. The Second Circuit concluded that the district court lacked jurisdiction to revoke the defendant's supervised release because no warrant had issued. *Id*. at 269. While *Janvier* concerned a warrant and not a summons, the Second Circuit's reasoning is applicable in cases involving summonses as well.

Specifically, in *Janvier*, the United States argued that the court's order to issue the warrant should constitute the issuance of a warrant, thereby satisfying the requirements of § 3583(i). *Id*. at 267-68. While the Second Circuit conceded that "from a policy standpoint, it might well make more sense to trigger the retention of jurisdiction by the action of a judicial officer . . . directing that a warrant issue, rather than by the purely ministerial action of the clerk of the court in actually issuing the warrant," it nonetheless rejected the United States' argument. According to the Second Circuit, § 3583 (i) "clearly referenc[es] the issuance of a warrant as an action that has been perfected," while the "order of the district court . . . merely *directed* the issuance of a warrant, clearly contemplating the issuance of the warrant as an act ordered to occur at some future time." *Id*. (emphasis in original) (internal quotations omitted). Therefore, "to adopt the government's argument would be to

7

rewrite the statute to say something that it does not say because we or the government think the revised version would be preferable." *Id*. at 268.

In the instant case, the United States argues that the signed Petition of September 18, 2012, which was e-mailed to defense counsel, satisfies the requirements of § 3583 (i) because:

> [w]here a petition for revocation had been filed prior to the expiration of a term of probation, a judge had determined there was probable cause and signed the Petition, and the defendant had been notified of the charges, nothing more was required to retain jurisdiction and adjudicate the charges after the probationary term's expiration.

(Mem. in Opp. to Def.'s Mot. to Dismiss Pet. 10.) The only cases the United States points to in support of this argument were decided before the passage of § 3583(i). The United States' argument does accurately analyze the state of the law under the precursor to § 3583(i), when the "predominant view" in the courts was that "the triggering event for the extension of jurisdiction was the filing of a petition seeking revocation by the Probation Department." *Janvier*, 500 F.3d at 267. However, the United States' argument is unpersuasive because it fails to recognize that in passing § 3583(i), Congress chose a different event - the issuance of a warrant or summons - for triggering an extension. *Id*. "Against that background, the congressional action reads more as a rejection than as an endorsement of that aspect of the

8

prior caselaw." *Id.*

The United States further argues that the signed Petition met the requirements of § 3583(i) because it "satisfied all of the stated requirements of Rule 4" and is therefore the "functional equivalent" of a summons. (Mem. in Opp. of Def.'s Mot. to Dismiss Pet. 11, 13.) This argument was expressly rejected by the Southern District of New York in *Crusco*. 2000 WL 776906, at *2 (stating that "[a]lthough Judge Sprizzo authorized the issuance of a summons, that is not the same as actually issuing it"). Moreover, this argument ignores the plain language of the signed Petition. As in *Janvier*, the signed Petition merely "directed" the issuance of a summons, "clearly contemplating" its issuance "as an act ordered to occur at some future time." *See* 599 F.3d at 268. Even the Probation Office's e-mail to defense counsel on September 21, 2012, identified the signed Petition as the "petition for summons, which has been signed by the Court," and not as a summons in and of itself. (Mem. in Opp. of Def.'s Mot. to Dismiss Pet. Ex. 3, Dec. 4, 2012, Dkt. No. 83.) Therefore, "to adopt the government's argument would be to rewrite the statute to say something that it does not say." *Janvier*, 599 F.3d at 268.

Despite the United States' arguments, the instant case is one in which "the court ordered a warrant or summons before expiration of the supervised release term, but a warrant or

summons was not actually issued." *See id*.  Consequently, the requirements of § 3583(i) are not satisfied and this Court does not have jurisdiction to revoke Daraio's term of supervised release.  This Court does not need to decide whether the Probation Office's October 25, 2012 letter to Daraio constitutes a summons because this letter was not sent before the termination of Daraio's term of supervised release, as required by § 3583(i).

### III.

For the foregoing reasons, Defendant's Motion to Dismiss the Petition for Violation of Supervised Release is granted.  An appropriate Order will accompany this Opinion.

Dated: December 20, 2012        __s/Joseph E. Irenas_____

**Joseph E. Irenas, S.U.S.D.J.**